UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                          )
                                                )
    AVA MAUREEN SAWYER             )     Case No. 07-10252-SSM
                                                )     Chapter 13
               Debtor          )

**MEMORANDUM OPINION AND ORDER**

Before the court are (a) the motion of creditor Dean S. Worcester to correct a clerical error in this court's memorandum opinion and order of June 13, 2007, that dismissed the debtor's case; and (b) the debtor's motion to alter or amend the order and to grant an evidentiary hearing. After reviewing both motions, the court advised the parties by letter that oral argument was unnecessary and set a deadline for filing any response. That deadline has passed, and both motions are now ripe for a ruling.

The background of this case is set forth in the prior memorandum opinion and order and need not be repeated. The court agrees with Worcester that the memorandum opinion contains a typographical error[1] that may properly be corrected under Rule 60(a), Federal Rules of Civil Procedure, as incorporated by Rule 9024, Federal Rules of Bankruptcy Procedure. Accordingly, the motion to correct the opinion will be granted.

The debtor's motion to alter or amend the dismissal order is brought under Rule 59(e), Federal Rules of Civil Procedure, which is incorporated by Rule 9023, Federal Rules

---

[1] Specifically, the court stated on page 16 of the opinion that the debtor's case "has not been filed in bad faith," when the court (as the context clearly reflects) meant to say, "has not been filed in good faith."

of Bankruptcy Procedure. That rule allows a court to alter or amend a final judgment or order on motion made within 10 days of the entry of the order. The debtor's motion, which was filed on June 25, 2007, is timely.[2] Although Rule 59(e) does not specify the grounds which will support such a motion, the Fourth Circuit has explained that the moving party must make a threshold showing that relief is proper "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Since the debtor's motion does not allege an intervening change in controlling law or newly-discovered evidence, the issue is whether the court made a clear error of law or the ruling will result in manifest injustice.

     Having carefully considered the arguments put forth by the debtor, the court is unpersuaded that its legal analysis was infected by clear error or that the ruling results in manifest injustice. Among other arguments, the debtor urges that her ability to fund a plan is significantly greater now than it was during her prior chapter 13 case. But Judge Tice's opinion granting the motion to dismiss was not based primarily, or even largely, on doubts (though he may well have entertained them) as to the debtor's ability to make the payments proposed by her plan. Nor does it appear, contrary to the debtor's argument, that Judge Tice ever categorically ruled that a chapter 13 plan could not be funded by liquidation of a debtor's real estate. As the debtor correctly notes, this court has confirmed such plans in appropriate circumstances. But the debtor did not file a plan, either in this case or her prior

---

[2] Although the literal tenth day would have been June 23rd, that day was a Saturday, and the time was therefore extended to June 25th, which was the next day that was not a Saturday, Sunday, or legal holiday. Fed. R. Bankr. P. 9006(a).

case, in which she committed herself to sale or refinance of her residence within a fixed period of time. Rather, she proposed to sell or refinance only *if* the Worcester and Conner claims were finally upheld. Given the debtor's past record of seeking reconsideration of, and then appealing, every adverse decision, any sale or refinance would likely not occur for years. That is very different from a debtor who files a chapter 13 plan committing to sale or refinance of his or her property within some fixed period (generally six months at the most) from confirmation of the plan.[3]

The debtor also seeks an evidentiary hearing on the issue of whether her failure to have filed—prior to the first date set for the meeting of creditors— "all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition" (as required by § 1308(a), Bankruptcy Code) was due to "circumstances beyond the control of the debtor." The court recognizes that, compared with the other grounds urged by the chapter 13 trustee and Worcester for dismissal of the case, the failure to file the tax returns was only lightly touched on at the hearing. Indeed, until the court researched the statute following the hearing, the court itself did not fully appreciate the very limited discretion it had. Nevertheless, the issue was squarely raised in the motions to dismiss, and if evidence was necessary to explain the debtor's failure to have filed the returns by the statutory deadline, she could and should have requested an opportunity to testify. Instead,

---

[3] There is no suggestion that the debtor is attempting to market the property for sale, and the motion for reconsideration concedes that the debtor's ability to refinance is "very doubtful" at this time. Motion to Reconsider, p. 5. *See also* Debtor's Response to Worcester's Motion, p. 3 ("Despite the urgency of the situation and the concerted efforts of several loan officers . . . no offer of a loan to Debtor of *any* sort at *any* rate of interest has been forthcoming." (emphasis in original)).

the debtor used the time available for the hearing to present a rambling and largely repetitive argument that focused primarily on her contention that she had never been given a fair hearing on her challenge to the validity of the Worcester judgment. Additionally, her belated offer of proof (essentially, that she suffered from clinical depression during the time in question) is unsupported by even her own affidavit, let alone the affidavit of a mental health professional. But even if the court, after receiving testimony on the point, were to find that the debtor's failure to file the returns by the first date set for the meeting of creditors was indeed the result of circumstances beyond her control, the fact remains that under the statute the court's authority (except with respect to the 2006 return) would have been limited to granting a single 30-day extension beyond the date of the meeting of creditors. Since the debtor did not meet even that deadline, granting an evidentiary hearing could not result in a different result on the tax return issue.

The court has considered the debtor's remaining arguments, both as set forth in her motion to alter or amend and in her response to Worcester's motion to correct. At bottom, the arguments she puts forward simply elaborate upon the points she has previously made and which the court has previously considered. The court's ruling was not lightly made but was reached only after a full review of the record and carefully weighing the arguments advanced by the parties. While the ruling may possibly be wrong—that is, after all, why courts of appeal exist—the court is not persuaded that a clear mistake was made, either of law or fact.

For the reasons stated, it is

**ORDERED:**

1.  The motion to correct clerical error is granted, and the memorandum opinion and order of June 13, 2007, is corrected to read, in the last full sentence on page 16, that the present case "has not been filed in good faith" instead of "has not been filed in bad faith."

2.  The motion to alter or amend the dismissal order and to grant an evidentiary hearing is denied.

3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____            _____
                                          Stephen S. Mitchell
Alexandria, Virginia                      United States Bankruptcy Judge

Copies to:

Ava Maureen Sawyer
11023 Barton Hill Court
Reston, VA 20191
Debtor *pro se*

William H. Schwarzschild, III, Esquire
Williams Mullen
1021 East Cary Street
P.O. Box 1320
Richmond, VA 23218-1320
Counsel for Dean S. Worcester

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314